IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SHANNON ARCHIBALD GILSON,<br><br>       Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>       Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:15-cv-00146- DBP<br><br>Magistrate Judge Dustin B. Pead |

The parties consented to this court's jurisdiction under 28 U.S.C. 636(c). (ECF No. 13.) Currently pending before the court is Plaintiff Shannon Archibald Gilson's ("Plaintiff") appeal of the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Social Security Income. The court initially scheduled argument for March 9, 2017. (ECF No. 31.) After reviewing the record, the court determined oral argument was not necessary and struck the hearing. (ECF No. 33.)  Having considered the parties' briefs, the administrative record, and the relevant law, this court **AFFIRMS** the Commissioner's decision.

## I.    PROCEDURAL HISTORY

Plaintiff applied for Social Security Disability Insurance Benefits and Supplemental Social Security Income in August 2012. (Tr. 195–240.) Plaintiff's initial application was denied. (Tr. 125–30, 135–40.) On July 24, 2014, ALJ Maryanne Lunderman issued her decision denying benefits to Plaintiff. (Tr. 28–41.) The Appeals Council denied Plaintiff's request for review, making it the agency's final decision. (Tr. 1–5.) Plaintiff then filed the present suit.

II.     FACTUAL BACKGROUND

Plaintiff was 40 years old on her alleged onset date in January 2010. (Tr. 225.) Plaintiff completed high school in 1987. (Tr. 853.) She completed cosmetology school in 1996. (Tr. 250, 853.) Plaintiff previously worked as a nail technician. (Tr. 250.) Plaintiff's medical records show she visited the ER in 2008, where she underwent a crisis evaluation for suicidal ideation. (Tr. 408.) Plaintiff was also psychiatrically admitted to two hospitals in 2008. (Tr. 1652–82, 1683–96.) There is a gap in the medical records for nearly three years until January 2011, when Plaintiff was psychiatrically admitted to the hospital, again with suicidal ideation. During this January 2011 visit, she was diagnosed with bipolar affective disorder, generalized anxiety disorder, dysthymia, panic disorder with agoraphobia, and alcohol abuse with the possibility of opiate abuse. (Tr. 383.) She was discharged two weeks later and appeared "both physically and psychiatrically stable." (Tr. 390.) In July 2011 Plaintiff received outpatient treatment for depression and migraines. Both conditions appear to have been successfully treated with medication. (Tr. 596–97, 690, 889–90.) In February 2012, Michael H. Sumko, D.O., evaluated Plaintiff for bilateral numbness and tingling in her hands consistent with carpel tunnel syndrome. (Tr. 1699.) While Dr. Sumko initially recommended conservative treatment, he performed surgery in April 2012. (Tr. 961.) After the surgery, Plaintiff's numbness and tingling abated, but she complained of pain from her small finger to her elbow. (Tr. 816–18.) Dr. Sumko referred Plaintiff to a pain clinic, but she declined to go. (Tr. 818.) Finally, during 2013 Plaintiff received treatment for various back pains, mental disturbances,[1] and migraines, all of which appear to have been successfully treated with medications. (Tr. 1076–1282.)

---

[1] Plaintiff claims she was "in a mental hospital for three months in January of 2013." She cites her own testimony to support this claim. (*See* ECF No. 25 at 2.) Yet, as of February 20, 2013, Plaintiff was not living in a mental hospital. (*See* Tr. 897–98.)

### III.     STATEMENT OF RELEVANT LAW

#### a. Definition of Disability Under the Act

The Act states that an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *Id.*; *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

#### b. Process for Determining Disability Under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. The adjudicator considers whether a claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment, (3) had a condition that met or medically equaled the severity of a listed impairment, (4) could return to his past relevant work, and if not (5) could perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id*.

#### c. Standard of Review

A district court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings, and whether the correct legal standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The court may neither reweigh the evidence nor substitute its

judgment for that of the ALJ. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Where the evidence as a whole can support the agency's decision or an award of benefits, the court must affirm the agency's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## IV.     THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since her alleged onset date, January 2, 2010. (Tr. 30.) The ALJ also found that Plaintiff suffered from four severe impairments: bilateral carpal tunnel syndrome, migraine headaches, degenerative disc disease of the lumbar spine, and a mental impairment variously diagnosed to include several disorders (including post-traumatic stress disorder, bi-polar disorder, generalized anxiety disorder, and alcohol abuse in alleged remission). (*Id.*) At step three, the ALJ determined that Plaintiff did not suffer from an impairment that met the criteria of any listed impairment, or was the medical equivalent of a listed impairment. (*Id.*) At step four, the ALJ found Plaintiff could not perform her past relevant work. (Tr. 40.) At step five, the ALJ found Plaintiff was capable of performing work that existed in the national economy. Thus, the ALJ found Plaintiff not disabled. (Tr. 40–41)

## V.      DISCUSSION

Plaintiff alleges four primary errors on appeal. First, Plaintiff alleges the ALJ failed to review certain materials submitted after the administrative hearing. Second, Plaintiff contends that the ALJ did not properly consider Dr. Kimberly Page's opinions. Third, Plaintiff argues the ALJ did not consider all of Plaintiff's impairments when determining Plaintiff's RFC (residual functioning capacity). Fourth, Plaintiff argues the ALJ's credibility determination is not supported by substantial evidence. The court will examine these arguments in the order raised.

### a. The ALJ reviewed the necessary materials submitted post-hearing.

Plaintiff argues that the ALJ and Appeals Council did not properly consider evidence Plaintiff submitted after the administrative hearing. Plaintiff argues she is entitled to remand under *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).[2] Under *Threet*, remand is appropriate when evidence submitted for the first time to the Appeals Council is (1) new, non-cumulative; (2) material (meaning likely to change the outcome of the case); and (3) good cause excuses Plaintiff for not earlier incorporating the evidence into the record.

The Commissioner argues first that the ALJ stated she considered "the entire record" and should be taken at her word. Next, the Commissioner makes several arguments that the evidence is not material. The Commissioner challenges the relevance of records from 2008 in establishing a disability in 2010 or later. Finally, the Commissioner argues that the only evidence the Appeals Council received that the ALJ did not, was a letter from Dr. Page. The Commissioner contends the letter provides no useful functional limitations, but instead only broadly states that Plaintiff is unable to work. The court sides with the Commissioner for several reasons.

### 1. *Plaintiff misidentifies the records at issue and her argument overlooks overt statements in the ALJ's decision.*

Plaintiff's opening brief suggests the ALJ did not review records from "Tr. 2594–1697." This is an obvious typographical error not only because a higher number is listed before a lower number, but also because the record ends at Tr. 1703. Unfortunately, Plaintiff's reply only creates further ambiguities. In her reply, Plaintiff alleges the ALJ failed to consider "exhibits 27F–33F (Tr. 1291–1703)." This statement is simply not correct. The ALJ cites Exhibits 27F–

---

[2] Plaintiff identifies this case as *Chavez v. Barnhart* in her brief, but she provides a numerical citation to *Threet*.

29F, and 32F, which includes administrative record pages Tr. 1291 through 1593, and Tr. 1683–96. (*See* Tr. 35, 37, 39.) Thus, it is beyond dispute that the ALJ considered those materials.

Presumably then, Plaintiff intended only to assert the ALJ did not review Exhibits 30F, 31F and 33F (Tr. 1594–1682, 1697–1703). The court was unable to find any explicit reference to Exhibits 30F–31F (Tr. 1594–1682) in the ALJ's opinion. Also, it is undisputed that the ALJ did not review Exhibit 33F (Tr. 1697–1703) because it was only submitted to the Appeals Council. Accordingly, the remainder of this analysis will focus on Exhibits 30F, 31F, and 33F.

### 2. *Exhibits 30F, 31F, 33F do not contain any material and non-cumulative information not considered by the ALJ*

The parties focus on the first two *Threet* factors: whether the evidence is (1) new/non-cumulative and (2) material. The court will evaluate these two factors below.

#### A. Dr. Page's letter and Dr. Sumko's letter, submitted only to the Appeals Council, Exhibit 33F

Dr. Page's letter is cumulative and not material because it is similar to a record already rejected by the ALJ, and is not entitled to special significance. Exhibit 12F contains a 2013 letter from Dr. Page, that states, in part, "I do believe [Plaintiff] is disabled overall, and in particular profoundly due to mental illness." (Tr. 868.) The ALJ specifically rejected Dr. Page's 2013 opinion that Plaintiff is disabled. (Tr. 39 (quoting Tr. 868).) Dr. Page's new letter (found in Exhibit 33F) clarifies the length of Plaintiff's treating relationship with Dr. Page,[3] summarizes Plaintiff's medical history, and concludes that Plaintiff's ailments "limit her function daily" and makes other comments suggesting Plaintiff is not able to work. (Tr. 1698.) The letter in Exhibit 33F is virtually certain to be rejected by the ALJ given her analysis of the 2013 letter.

---

[3] Plaintiff's arguments related to clarification of the length of Dr. Page's treating relationship are addressed below. *Infra* Part V.b.1.

Also, as Defendant correctly points out, the opinion that Plaintiff is disabled is not entitled to controlling weight or any special significance under 20 C.F.R. § 404.1527(d)(1)–(3). *See, e.g.*, *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (finding a treating physician's note that "merely stated that the doctor did not know if [Plaintiff] would be able to return to work [opined on] an issue reserved to the Commissioner."). The letter in Exhibit 33F contains only a summary of information the ALJ could glean from the administrative record coupled with conclusions that Plaintiff is unable to work. Thus, the new letter is not only likely to be rejected by the ALJ, but is also not entitled to the special significance ordinarily afforded to a treating physician's opinions.

In her reply, Plaintiff argues that another letter in Exhibit 33F, from Dr. Sumko, undermines the ALJ's findings related to Plaintiff's carpal tunnel because it shows that Plaintiff had signs of carpal tunnel after her surgery. Plaintiff is incorrect. The February 2012 letter from Dr. Sumko to Dr. Barker does indicate Plaintiff has carpal tunnel syndrome. (Tr. 1699.) Yet, Plaintiff had carpal tunnel surgery in April 2012, two months <u>after</u> this letter was written. (Tr. 961.) Thus, this record does not provide any indication of Plaintiff's condition post-surgery.

### B.  Records submitted to the ALJ post-hearing, Exhibits 30F–31F

Plaintiff does not demonstrate that the ALJ failed to consider evidence submitted post-hearing, or that the ALJ's opinion is unsupported by substantial evidence. First, Plaintiff suggests the ALJ failed to review records showing Plaintiff received inpatient psychiatric treatment at Highland Ridge Hospital in 2008. This statement is simply not correct. The ALJ explicitly considered and cited Plaintiff's "prior psychiatric hospitalization in 2008 (Exhibit 32F at 3–4, 9, August 2008)." (Tr. 35.) Exhibit 32F includes records from Highland Ridge Hospital. Once again, Plaintiff's argument overlooks evidence the ALJ explicitly cites.

7

Next, Plaintiff argues that the ALJ "does not mention the psychiatric hospitalizations at McKay Dee Hospital for over a week in January 2011 . . . ." (ECF No. 29.) Again, Plaintiff's argument does not accurately reflect the record in this case. The ALJ explicitly discusses these records. (*See* Tr. 34–35) ("At this time[January 2011], the claimant was psychiatrically admitted to the hospital and diagnosed with bipolar affective disorder . . . ."); (*see also* Tr. 368–401) (Exhibit 1F, which contains records from the 2011 psychiatric admission). Thus, Plaintiff has not demonstrated that the ALJ failed to consider the 2011 hospitalization at McKay Dee.

Third, Plaintiff argues the ALJ failed to address psychiatric 2008 records from the University of Utah Hospital. The ALJ's opinion does not appear to contain an explicit reference to these records. Nonetheless, the court rejects this argument for two reasons. First, Plaintiff does not analyze these records separately. Instead, she concludes that the ALJ's failure to review a number of records constitutes reversible error. Unfortunately for Plaintiff, the ALJ explicitly referenced nearly all records Plaintiff cites. The ALJ explicitly addressed Exhibits 27F–29F and 32F. Even if Plaintiff intended to maintain this argument with regard to only Exhibit 31F, Plaintiff would now have to persuade the court that the ALJ chose to ignore Exhibit 31F even though she considered Exhibits 29F and 32F (explicitly cited in the ALJ's opinion). The court will not make such a finding in the absence of some reasoned basis for doing so.

Additionally, even assuming the ALJ did not review Exhibit 31F, which contains the University of Utah records, the court finds the records are not sufficiently probative to require remand. *See Threet* at 1190 (stating an ALJ must discuss "significantly probative evidence," but is not required to discuss every piece of evidence in the record). The records in Exhibit 31F are remote in time. The records are from 2008, which is nearly two years before Plaintiff's alleged onset date. Indeed, Plaintiff claims she continued to work during all of 2009. (*See* Tr. 249–50.)

8

Accordingly, the records have minimal probative value on the issue of Plaintiff's ability to work in 2010. Moreover, these records are cumulative of other records the ALJ explicitly addressed regarding other 2008 psychiatric inpatient treatment. (*See* Tr. 35.) This does not render the records irrelevant, but their probity is diminished to the point where the ALJ did not err by electing to not specifically cite them.

### b. The ALJ afforded appropriate weight to Dr. Kimberly Page's opinions

Plaintiff argues that the ALJ failed to properly consider Dr. Page's opinions under the rubric for a treating physician's opinion. Specifically, Plaintiff argues the ALJ did not provide "good reasons" to afford little weight to Dr. Page's 2013 opinion "that the claimant was disabled in particular due to mental illness." (ECF No. 25 at 13.) Plaintiff also argues that the ALJ improperly considered the length of Plaintiff's treating relationship with Dr. Page because the ALJ stated the length of the relationship was unclear.

The Commissioner argues that Dr. Page's statement that Plaintiff is disabled constitutes an opinion on an issue reserved to the Commissioner and is thus not entitled to special significance. Also, the Commissioner argues that the ALJ correctly considered Dr. Page's opinions and permissibly afforded them little weight for three reasons. First, the length of the treating relationship was unclear when the ALJ authored her decision (though the length was later clarified in a letter to the Appeals Council). Second, Dr. Page's opinion was inconsistent with another treating physician, Dr. McCoy, who treated Plaintiff from February 2013 through April 2014. Third, Dr. Page's opinions were not consistent with objective record evidence.

1. *The ALJ did not commit harmful error by affording little weight to Dr. Page's 2013 opinion*

First, as the Commissioner correctly states, Dr. Page's opinion that Plaintiff is disabled is not entitled controlling weight. *See* 20 C.F.R. § 404.1527(d)(1)–(3) (stating

the Commissioner will not give any special significance to the source of an opinion" stating "that you are 'disabled' or 'unable to work'. . . ."). This rule alone defeats Plaintiff's argument because she specifically seeks to credit Dr. Page's opinion that Plaintiff is disabled. Such an opinion is not entitled to any special significance.

Second, this argument is deficient even if the opinion was entitled to controlling weight because the ALJ followed the rubric for evaluating a treating physician opinion and permissibly afforded Dr. Page's opinion little weight. An ALJ may decline to afford a treating physician's opinion controlling weight where the ALJ provides specific, legitimate reasons for her decision. *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009). Such a decision is justified, for example, if the ALJ finds that the opinion is "inconsistent with other substantial evidence in the record . . . ." *Id.* The ALJ provided good reasons because she noted that Dr. Page's opinion was inconsistent with Dr. McCoy's opinion and with other evidence in the record. (*See* Tr. 39.) This is a good reason based on the explicit language in *Raymond*, which mirrors the regulatory factors the ALJ is explicitly allowed to consider. *See* 621 F.3d at 1272; 20 C.F.R. § 416.927(c) (listing non-exhaustive factors that include how "consistent a medical opinion is with the record as a whole").

Third, Plaintiff suggests that the ALJ would change her mind if the ALJ reviewed the letter clarifying length of Plaintiff's treating relationship with Dr. Page. It is true that the ALJ said it was "unclear how long Dr. Page had been treating the claimant." (Tr. 39.) Yet this was not the only reason the ALJ offered for affording Dr. Page's opinion little weight. Plaintiff's argument ignores the ALJ's second reason for rejecting Dr. Page's 2013 opinion. As mentioned, the ALJ discounted Dr. Page's opinion because it was "inconsistent with the opinion of the

claimant's treating psychologist, Dr. McCoy . . . [and] with the objective evidence on the record." (Tr. 39.) Even if the court were to discredit the first reason for rejecting Dr. Page's opinion (unclear length of treating relationship), the second reason provides substantial evidence to support the ALJ's opinion. Plaintiff does not offer any argument to the contrary.

In sum, the ALJ did not commit any harmful error by affording Dr. Page's 2013 opinion little weight. The opinion was on the ultimate issue of disability, which is reserved to the Commissioner and is entitled to no special deference. Further, the ALJ's decision to afford the opinion little weight is supported by substantial evidence because the ALJ noted Dr. Page's opinion was inconsistent with other evidence in the record.

### c. The ALJ did not err when she determined Plaintiff's RFC

Plaintiff argues that the ALJ did not consider all of Plaintiff's impairments while determine her RFC (residual functioning capacity). Plaintiff then recites evidence she believes support her claim that she is disabled due to carpal tunnel, migraines, and mental impairments.

The Commissioner argues that the ALJ did consider these impairments when crafting and RFC for Plaintiff. The Commissioner then cites evidence in the record that supports the ALJ's RFC determination as it relates to carpal tunnel, migraines, and mental impairments. The Commissioner argues that Plaintiff is inviting the court to reweigh evidence.

1. *The court cannot reweigh the evidenced the ALJ relied upon to determine Plaintiff's RFC.*

Instead of suggesting some infirmity with the evidence supporting the ALJ's decision, or describing an overall lack of evidence, Plaintiff recites the evidence she believes is favorable to her. In this way, Plaintiff appears to invite the court to reweigh the evidence before the ALJ. This court cannot reweigh evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (stating that reviewing courts cannot "reweigh the evidence or substitute [its] judgment for the

Commissioner's."). The favorable evidence is not so overwhelming that the ALJ's decision was unreasonable. Understandably, Plaintiff prefers the ALJ would have interpreted the evidence differently. Nonetheless, the court must decline the invitation to reweigh that evidence. Plaintiff has not shown any lack of substantial evidence to support the ALJ's RFC determination. The Commissioner sets forth record evidence cited by the ALJ that provides substantial evidence for the RFC ascribed to Plaintiff. (*See* ECF No. 28 at 16–20.)

### d. The ALJ's credibility determination is supported by substantial evidence set forth in the ALJ's decision

Plaintiff argues that the ALJ improperly evaluated her credibility because the ALJ concluded without any factual basis that Plaintiff applied her own make-up and fixed her own hair. Plaintiff then argues the ALJ should have interpreted other evidence more favorably.

The Commissioner argues that the ALJ followed the applicable standards for evaluating Plaintiff's credibility and offered substantial evidence to support her decision.

#### 1. *Substantial evidence supports the ALJ's credibility determination.*

The Tenth Circuit explained: "So long as the ALJ sets forth the specific evidence [s]he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). *Kepler* provides examples of factors an ALJ may properly consider:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ complied with *Kepler*. Her opinion is supported by substantial evidence as discussed by the Commissioner in her brief. (*See* ECF No. 28 at 21–22.)

Many of the issues Plaintiff raises do not merit individual discussion because Plaintiff simply restates evidence rejected by the ALJ in the apparent hope this court will reweigh it. As already mentioned this court is not in a position to reweigh evidence. *Supra* Part V.c.1. In one instance, however, Plaintiff argues the ALJ incorrectly assumed that Plaintiff applied her own make-up and styled her own hair. (ECF Nos. 25 at 20; 29 at 9.) This argument misstates the record. Plaintiff herself testified that she did her own hair and make-up. (*See* Tr. 61 ("It takes me twice as long to do my hair, it takes me twice as long to do my make-up.").) Thus, the ALJ made no false assumption. She accepted Plaintiff's testimony that Plaintiff applied her own make-up and styled her own hair.

## VI.   ORDER

Based on the forgoing, the court **AFFIRMS** the Commissioner's decision.

The Clerk of Court is instructed to close this case.

Dated this 8th day of March 2017.

_____
Dustin B. Pead
United States Magistrate Judge